# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

FRANCES ALLIENE BERNICE )
MCCARTY, )
 )
        Plaintiff, )
  v. )   Case No. CIV-16-151-SPS
 )
NANCY A. BERRYHILL, )
Acting Commissioner of the Social )
Security Administration,[1] )
 )
        Defendant. )

## OPINION AND ORDER

The claimant Frances Alliene Bernice McCarty requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration denying her application for benefits under the Social Security Act. She appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the decision of the Commissioner is hereby REVERSED and the case is REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn Colvin as the Defendant in this action.

Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: whether the decision was supported by substantial evidence, and whether the correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term "substantial evidence" requires "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). However, the Court may not reweigh the

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

evidence nor substitute its discretion for that of the agency. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born on May 1, 1959, and was fifty-five years old at the time of the administrative hearing (Tr. 28). She earned a GED, and has worked as a cook, kitchen helper, a combined cashier II and janitor, and informal waitress (Tr. 46, 198). The claimant alleges she has been unable to work since July 3, 2012, due to a stroke, depression, and back and neck problems (Tr. 197).

### Procedural History

On March 14, 2012, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ Doug Gabbard, II, held an administrative hearing and determined the claimant was not disabled in a written decision dated December 8, 2014 (Tr. 10-18). The Appeals Council denied review, so the ALJ's written decision represents the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant retained the residual functional capacity (RFC) to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), except that she could occasionally climb ramps and stairs, stoop, squat, kneel, crouch, and crawl, and that she could never climb ladders, ropes, or scaffolds. Additionally, the ALJ determined that the claimant could only occasionally reach overhead bilaterally, but could reach in all other directions if she does not have to hold things weighing fifteen pounds or more when her arms are extended (Tr. 14). The ALJ thus concluded that the claimant could return to her past relevant work as a combination cashier II and janitor (Tr. 17-18).

## Review

The claimant's sole contention of error is that the ALJ failed to account for her nonsevere mental impairments in formulating her RFC. The Court agrees that the ALJ erred in his analysis and his decision is not supported by substantial evidence.

The ALJ determined that the claimant had the severe impairment of degenerative disc disease of the lumbar spine, as well as the nonsevere impairments of degenerative disc disease of the cervical spine, hypertension, depression, anxiety, and history of polysubstance abuse (Tr. 12-13). The medical evidence related to the claimant's mental impairments reveals treatment notes from the Choctaw Health Services Center that included diagnoses of anxiety and depression, and also note that she refused a psych consult and that she was able to tolerate her symptoms (Tr. 301-302, 304, 308, 311, 313).

On April 29, 2013, Dr. Kathleen Ward conducted a mental status examination of the claimant. She noted that one of the claimant's scores suggested some mild cognitive functioning deficits, that substance abuse issues were ongoing, and that impulse control gambling issues may be a focus of clinic attention (Tr. 338). She assessed the claimant with amphetamine abuse, cannabis abuse, impulse control disorder NOS (gambling), and cognitive disorder NOS mild (Tr. 339).

The claimant received some mental health treatment from September 2013 through January 2014 at the Choctaw Clinic in Talihina (Tr. 385). Treatment notes reflect the claimant was diagnosed with major depressive disorder and originally considered moderately ill, but by December 2013 it was characterized as mildly ill (Tr. 389, 402). The most recent treatment note in the record, from January 23, 2014, reflects that the claimant was emotional during the entire session due to family and financial stressors (Tr. 386).

In 2013, state reviewing physicians determined that the claimant had mild limitations in the three areas of functioning, and no episodes of decompensation, and concluded that she had mild limitations to global functioning; therefore, they concluded that her mental impairments were nonsevere (Tr. 59-60, 79-80).

In his written opinion at step two, the ALJ noted that the claimant had alleged depression and anxiety, but found that her depression and anxiety were not severe because she had only mild restriction in the three areas of functional limitation, and no episodes of decompensation (Tr. 13). He noted she had received minimal and conservative treatment, and that he had considered the various opinions in the record, but

noted that the state reviewing physician had found she did not have a severe impairment and gave that assessment great weight because he found it consistent with the evidence in the record (Tr. 13). At step four, the ALJ summarized the evidence with regard to the claimant's severe impairment, and made no further findings related to the claimant's mental impairments. He then concluded that she was not disabled (Tr. 14-18).

Here, the claimant alleges error with regard to the nonsevere mental impairments. Because the ALJ did find that the claimant had severe impairments, any failure to find the claimant's additional impairments severe at step two is considered harmless error because the ALJ would nevertheless be required to consider the effect of these impairments and account for them in formulating the claimant's RFC at step four. *See, e. g., Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("'At step two, the ALJ must 'consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity [to survive step two]. Nevertheless, any error here became harmless when the ALJ reached the proper conclusion that Mrs. Carpenter could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence."), *quoting Langley v. Barnhart,* 373 F.3d 1116, 1123-24 (10th Cir. 2004) *and* 20 C.F.R. § 404.1523. *See also Hill v. Astrue*, 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("Once the ALJ finds that the claimant has *any* severe impairment, he has satisfied the analysis for purposes of step two. His failure to find that additional alleged impairments are also severe is not in itself cause for reversal. But this does not mean the omitted impairment simply disappears from his analysis. In determining the claimant's RFC, the ALJ is required to consider the effect of

*all* of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'") [emphasis in original] [citations omitted]. But here the error *was not* harmless, because although the ALJ mentioned each impairment at step two the ALJ entirely failed to mention, much less consider the "cumulative effect of claimant's impairments," at step four. *Langley*, 373 F.3d at 1123. *See also Hamby v. Astrue*, 260 Fed. Appx. 108, 112 (10th Cir. 2008) ("In deciding Ms. Hamby's case, the ALJ concluded that she had many severe impairments at step two. He failed to consider the consequences of these impairments, however, in determining that Ms. Hamby had the RFC to perform a wide range of sedentary work.") [unpublished opinion]. The Tenth Circuit has held that "a conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five." *Wells v Colvin*, 727 F.3d 1061, 1068-1069 (10th Cir. 2013). "To sum up, to the extent the ALJ relied on his finding of non-severity as a substitute for adequate RFC analysis, the Commissioner's regulations demand a more thorough analysis." *Well*, 727 F.3d at 1069.

Because the ALJ failed to properly evaluate *all* the claimant's impairments singly and in combination, the decision of the Commissioner is therefore reversed and the case remanded to the ALJ for further analysis of the claimant's impairments. If such analysis results in any changes to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

**Conclusion**

The Court hereby FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The decision of the Commissioner is accordingly REVERSED and the case is REMANDED for further proceedings consistent herewith.

**DATED** this 25th day of September, 2017.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**